[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12560
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-00130-JRH-WLB



HARTLEY GIBBONS, JR.,
RICKEY A. LUMPKIN,

                                                    Plaintiffs-Appellants,


versus


COUNTY BOARD OF EDUCATION
OF RICHMOND COUNTY,
JAMES F. THOMPSON,
individually and in his Former official
capacity as Interim Superintendent of
Richmond County Public Schools,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 22, 2011)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Hartley Gibbons, Jr., and Rickey A. Lumpkin appeal the summary judgment against their complaints that they were demoted and denied promotions based on race by the County Board of Education of Richmond County, Georgia, and former superintendent James F. Thompson. 42 U.S.C. §§ 1981, 1983. The district court ruled that Gibbons and Lumpkin failed to establish a prima facie case of racial discrimination and that the Board provided legitimate, non-discriminatory reasons to demote and deny promotions to Gibbons and Lumpkin. We affirm.

Gibbons and Lumpkin failed to establish a prima facie case that they were demoted because of their race. Gibbons and Lumpkin were replaced as principals at the Glenn Hills Middle School and Tubman Middle School by two other African-American men, and neither Gibbons or Lumpkin submitted any evidence to establish that the decision to replace them with a person of the same race "was a pretextual device specifically designed to disguise an act of discrimination." Howard v. Roadway Exp., Inc., 726 F.2d 1529, 1535 (11th Cir. 1984); see Edwards v. Wallace Cmty. Coll., 49 F.3d 1517, 1521 (11th Cir. 1995) (requiring consideration of "whether the fact that a minority was hired overcomes the inference of discrimination otherwise created by the evidence"). Gibbons and

2

Lumpkin testified that they were treated differently than principals who had school performance and discipline issues, but Gibbons' and Lumpkins' schools were being monitored by the state and were in danger of being closed for their repeated failure to satisfy the No Child Left Behind Act.

Gibbons and Lumpkin also failed to establish a prima facie case that they were denied promotions based on their race. See Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1238 (11th Cir. 2001). After Gibbons and Lumpkin served one year as assistant high school principals, they were appointed as principals at Terrace Manor Elementary School and Wilkinson Gardens Elementary School. As principals at these elementary schools, Gibbons and Lumpkin received the same job titles, work responsibilities, and compensation as the principals at Gracewood Elementary and Lake Forest Hills Elementary. Although there may have been differences in the "prestige" and resources available at Gracewood and Lake Forest, those differences do not establish that Gibbons and Lumpkin suffered "a serious and material change in the terms, conditions, or privileges of [their] employment" to constitute an adverse employment action. Id. at 1239 (emphasis omitted).

We **AFFIRM** the summary judgment in favor of the Board.